Gerald D. Lane Jr., CA # 352470
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, FL 33305
Phone: (754) 444-7539

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RENE ARIAS,<br><br>Plaintiff,<br><br>vs.<br><br>MONARCH RECOVERY MANAGEMENT INC.,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Rene Arias ("Plaintiff") sues Monarch Recovery Management Inc., ("Defendant") for violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, *et seq.* ("Rosenthal Act").

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C §1331, and 28 U.S.C §1337.

2. Supplemental jurisdiction exists for the Rosenthal Act claim under 28 U.S.C. §1367.

3. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Los Angeles County, California.

4. Venue of this action is proper in this Court because the cause of action alleged below arose in Los Angeles County, California.

5. Plaintiff has standing to maintain this action because Defendant's violations were akin to the common law tort of intrusion upon seclusion, Plaintiff suffered legal injury as a result of Defendant's violations of the Rosenthal Act, and because Plaintiff is not requesting an advisory opinion from this Court. Thus, Plaintiff has a sufficient stake in a justiciable controversy and seeks to obtain judicial resolution of that controversy.

**PARTIES**

6. Plaintiff is a natural person, and a citizen of the State of California, residing in Los Angeles County, California.

7. Defendant is a Pennsylvania Corporation, with its principal place of business located in Bensalem, Pennsylvania.

**DEMAND FOR JURY TRIAL**

8. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

**ALLEGATIONS**

9. On or about January 9, 2025, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

10. The Consumer Debt is an obligation allegedly due and owed by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt, Defendant, and Plaintiff (the "Subject Service").

11. The Subject Service was primarily for personal, family, or household purposes.

12. Plaintiff is a "debtor" within the meaning of Cal. Civ. Code § 1788.2(h).

13. Defendant is a "debt collector" within the meaning of Cal. Civ. Code § 1788.2(c).

14. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

15. Defendant, in the ordinary course of business, regularly attempts to collect obligations alleged to be due and owing on behalf of itself and/or others.

16. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of §1692e sets forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he false representation of the character, amount, or legal status of any debt," *see* 15 U.S.C. § 1692e(2)(A), "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," *see* 15 U.S.C. § 1692e(5), and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *See* 15 U.S.C. § 1692e(10).

17. Section 1692e of the FDCPA is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17.

18. Cal. Civ. Code § 1788.17 states that "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

19. Under the Rosenthal Act, the definition of "debt collector" is broader and more inclusive than under the FDCPA because the Rosenthal Act allows for those collecting debts on their own behalf to be considered "debt collectors." *See* Cal. Civ. Code § 1788.2(c).

20. Plaintiff may state a claim for violation of the Rosenthal Act by showing that Defendant, a person attempting to collect an alleged debt on its own behalf, violated section 1692e of the FDCPA. *See* Cal. Civ. Code § 1788.17.

**THE COMMUNICATION**

21. On or about January 9, 2025, Defendant contacted Plaintiff in an attempt to collect the Consumer Debt from Plaintiff by sending Plaintiff a letter. (the "Collection Message").

22. Attached as Exhibit A is a copy of the Collection Message.

23. Plaintiff does not owe the Consumer Debt because the account does not belong to the Plaintiff.

24. The Collection Message misled and influenced Plaintiff to their detriment because they reasonably believed that they may have owed the Consumer Debt when in fact they did not owe the Consumer Debt.

**COUNT 1**
**VIOLATION OF 15 U.S.C. § 1692e**

25. Plaintiff incorporates by reference paragraphs 1-33 of this Complaint as though fully stated herein.

26. As stated above, through the Collection Message, Defendant attempted to collect the Consumer Debt from Plaintiff.

27. Plaintiff does not owe the Consumer Debt because account does not belong to Plaintiff.

28. By attempting to collect an alleged debt that was not owed by Plaintiff, Defendant made a false representation of the character, amount and/or legal status of the Consumer Debt.

29. By attempting to collect an alleged debt that was not owed by Plaintiff, Defendant threatened to take an action that could not be legally taken regarding the Consumer Debt.

30. By attempting to collect on an alleged debt that was not owed by Plaintiff, Defendant used a false representation and/or deceptive means to collect the Consumer Debt.

31. Through the Collection Message, Defendant wrongfully caused Plaintiff, the least sophisticated consumer, to believe that they may have owed a debt that they did not actually owe.

32. Accordingly, Defendant violated 15 U.S.C. § 1692e(2)(A), § 1692e(5), and § 1692e(10) through the Collection Message.

33. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory damages as provided by 15 U.S.C. §1692k;

(b) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

(c) Any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
## VIOLATION OF CAL. CIV. CODE § 1788.17

34. Plaintiff incorporates by reference paragraphs 1-33 of this Complaint as though fully stated herein.

35. Section 1692e of the FDCPA, incorporated into the Rosenthal Act by Cal. Civ. Code § 1788.17, sets forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he false representation of the character, amount, or legal status of any debt," *see* 15 U.S.C. § 1692e(2)(A), "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," *see* 15 U.S.C. § 1692e(5), and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *see* 15 U.S.C. § 1692e(10).

36. As stated above, through the Collection Message, Defendant attempted to collect the Consumer Debt.

37. Plaintiff does not owe the Consumer Debt because account does not belong to Plaintiff.

38. By attempting to collect an alleged debt that was not owed by Plaintiff, Defendant made a false representation of the character, amount and/or legal status of the Consumer Debt.

39. By attempting to collect an alleged debt that was not owed by Plaintiff, Defendant threatened to take an action that could not be legally taken regarding the Consumer Debt.

40. By attempting to collect on an alleged debt that was not owed by Plaintiff, Defendant used a false representation and/or deceptive means to collect the Consumer Debt.

41. Through the Collection Message, Defendant wrongfully caused Plaintiff, the least sophisticated consumer, to believe that they may have owed a debt that they did not actually owe.

42. As such, by and through the Collection Message, Defendant violated Cal. Civ. Code § 1788.17.

43. WHEREFORE, Plaintiff requests relief and judgment as follows:

(a) A declaration that Defendant's conduct and/or practices described herein violate Cal. Civ. Code § 1788.17;

(b) Award Plaintiff statutory damages pursuant to Cal. Civ. Code § 1788.17 & 1788.30(b);[1]

(c) Enjoin Defendant from future violations of Cal. Civ. Code § 1788.17 with respect to Plaintiff;

(d) Award Plaintiff reasonable attorneys' fees and costs, including expert fees, pursuant to Cal Civ. Code § 1788.17.[2]

(e) Any other relief that this Court deems appropriate under the circumstances.

DATED: January 6, 2026

Respectfully Submitted,

/s/ Gerald D. Lane, Jr.
**GERALD D. LANE, JR., ESQ.**
California Bar No.: 352470
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, FL 33305
Phone: (754) 444-7539

*Counsel for Plaintiff*

[1] Cal. Civ. Code § 1788.17 states that "every debt collector collecting or attempting to collect a consumer debt … shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code," which includes 15 U.S.C. § 1692k(a)(2)(A).

[2] Cal. Civ. Code § 1788.17 states that "every debt collector collecting or attempting to collect a consumer debt … shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code," which includes 15 U.S.C. § 1692k(a)(3).